UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LINN LOWES, an individual; LARS ERIK BACK, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>FITNESS AI, INC., a Delaware Corporation; APPEX GROUP, INC., a Massachusetts Corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.:  25cv1975-GPC(JLB)<br><br>**ORDER FOLLOWING ORDER SHOW CAUSE AND DISMISSING CASE FOR LACK OF VENUE** |

On August 11, 2025, the Court issued an order to show cause why the case should not be dismissed or transferred for lack of venue. (Dkt. No. 4.)  The Court explained that there are no facts alleged in the complaint that this is "a judicial district in which any defendant resides", or that this is a "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated." (*Id.* at 2-3 (citing 28 U.S.C. § 1391(b).)

On August 15, 2025, Plaintiffs filed a response but has failed to address how venue is proper in this Court under 28 U.S.C. § 1391(b).  Instead, Plaintiffs ask the Court to apply 28 U.S.C. § 1404(a), the change of venue statute, where a party may motion the

court for a change of venue considering the convenience of the parties and witnesses and the interests of justice; however, "Section 1404(a) 'was drafted in accordance with the doctrine of forum non conveniens, permitting transfer to a more convenient forum, even though the *venue is proper*'" *Atlantic Marine Const. Co., Inc. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 60 (2013) (emphasis added). Here, Plaintiffs have not made the initial showing that venue is proper in this district. Accordingly, their reliance on § 1404(a) is without merit.

      Plaintiffs also argue that the Court has jurisdiction over Defendants because they have targeted California residents and have clients who are California residents. (Dkt. No. 5 at 5.) An inquiry whether a forum State may assert specific jurisdiction over a nonresident defendant "focuses on 'the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277, 284 (2014). Here, the dispute at issue concerns breaches of the Asset Purchase Agreement between Plaintiffs and Defendants and does not involve Defendants' clients who are in California. Plaintiffs' jurisdictional argument fails. Finally, Plaintiffs ask the Court to make equity considerations because their counsel of record is only admitted in California and Florida and the costs of being admitted to another jurisdiction and retaining a second, local counsel will be costly to them. They ask the Court to retain jurisdiction or transfer the case to the Florida District Court, a court closer to Defendants' situs. (Dkt. No. 5 at 7.) Not only do Plaintiffs provide no legal authority to support their request, venue and personal jurisdiction are not based on the bar admissions of Plaintiffs' counsel but grounded on long-standing precedent described in the order to show cause. Because Plaintiffs have failed to show that venue is proper in this district, the Court DISMISSES the case without prejudice for lack of venue.

      IT IS SO ORDERED.

Dated: August 19, 2025

Hon. Gonzalo P. Curiel
United States District Judge